**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION**

| | | |
|---|---|---|
| **MARTIN KUSTER,** | § | |
|         *Plaintiff,* | § | |
| | § | |
| *v.* | § | **6-20-CV-00563-ADA** |
| | § | |
| **WESTERN DIGITAL** | § | |
| **TECHNOLOGIES, INC.,** | § | |
|         *Defendant.* | § | |

**ORDER DENYING MOTION TO TRANSFER AND
GRANTING MOTION TO DISMISS WITHOUT PREJUDICE**

Came on for consideration this date is Defendant Western Digital Technologies, Inc.'s motion to transfer to the Northern District of California ("NDCA") pursuant to 28 U.S.C. § 1404(a) and motion to dismiss Plaintiff Kuster's claims of induced, contributory, and willful infringement for failure to state a claim.

After careful consideration of the Motions, the Parties' briefs, and the applicable law, the Court **DENIES** Defendant Western Digital's Motion to Transfer and **GRANTS** Western Digital's Motion to Dismiss without prejudice.

## I. INTRODUCTION

A party seeking a transfer to an allegedly more convenient forum carries a significant burden. *Babbage Holdings, LLC v. 505 Games (U.S.), Inc.,* No. 2:13-CV-749, 2014 U.S. Dist. LEXIS 139195, at *12–14 (E.D. Tex. Oct. 1, 2014) (stating the movant has the "evidentiary burden" to establish "that the desired forum is clearly more convenient than the forum where the case was filed"). Western Digital does not contest that venue is proper in the Western District of Texas ("WDTX"). *See generally,* Pl.'s Resp., ECF No. 37, at 4. The burden that a movant must carry is not that the alternative venue is more convenient, but that it is clearly more convenient.

*In re Volkswagen, Inc.*, 545 F.3d 304, 314 n. 10 (5th Cir. 2008) (hereinafter "*Volkswagen II*). Western Digital moved to have this case transferred to NDCA. This Court finds that Western Digital fails to show that transfer is warranted.

Additionally, Defendant Western Digital's moves this Court to Dismiss Plaintiff Kuster's claims of induced, contributory, and willful infringement for failure to state a claim. The Court finds that, absent exceptional circumstances, such claims should be dismissed without prejudice at this stage of the case.

## II. LEGAL STANDARD

### A. Section 1404 Transfer

Title 28 U.S.C. § 1404(a) provides that, for the convenience of parties and witnesses, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented. "Section 1404(a) is intended to place discretion in the district court to adjudicate motions for transfer according to an 'individualized, case-by-case consideration of convenience and fairness.'" *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988) (quoting *Van Dusen v. Barrack*, 376 U.S. 612, 622 (1964)). The party moving for transfer carries the burden of showing good cause. *Volkswagen II*, 545 F.3d at 314 ("When viewed in the context of § 1404(a), to show good cause means that a moving party, in order to support its claim for a transfer, must . . . clearly demonstrate that a transfer is '[f]or the convenience of parties and witnesses, in the interest of justice.'") (quoting 28 U.S.C. § 1404(a)).

"The preliminary question under § 1404(a) is whether a civil action 'might have been brought' in the destination venue." *Volkswagen II*, 545 F.3d at 312. If so, in the Fifth Circuit, the "[t]he determination of 'convenience' turns on a number of public and private interest factors,

none of which can be said to be of dispositive weight." *Action Indus., Inc. v. U.S. Fid. & Guar. Co.*, 358 F.3d 337, 340 (5th Cir. 2004). The private factors include: "(1) the relative ease of access to sources of proof; (2) the availability of compulsory process to secure the attendance of witnesses; (3) the cost of attendance for willing witnesses; and (4) all other practical problems that make trial of a case easy, expeditious and inexpensive." *In re Volkswagen AG*, 371 F.3d 201, 203 (5th Cir. 2004) (hereinafter "*Volkswagen I*") (citing to *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 241 n.6 (1982)). The public factors include: "(1) the administrative difficulties flowing from court congestion; (2) the local interest in having localized interests decided at home; (3) the familiarity of the forum with the law that will govern the case; and (4) the avoidance of unnecessary problems of conflict of laws of the application of foreign law." *Id.* Courts evaluate these factors based on "the situation which existed when suit was instituted." *Hoffman v. Blaski*, 363 U.S. 335, 343 (1960).

A plaintiff's choice of venue is not an independent factor in the venue transfer analysis, and courts must not give inordinate weight to a plaintiff's choice of venue. *Volkswagen II*, 545 F.3d at 313 ("[W]hile a plaintiff has the privilege of filing his claims in any judicial division appropriate under the general venue statute, § 1404(a) tempers the effects of the exercise of this privilege."). However, "when the transferee venue is not clearly more convenient than the venue chosen by the plaintiff, the plaintiff's choice should be respected." *Id.* at 315; *see also QR Spex, Inc. v. Motorola, Inc.*, 507 F.Supp.2d 650, 664 (E.D. Tex. 2007) (characterizing movant's burden under § 1404(a) as "heavy").

### III. BACKGROUND

Western Digital is incorporated in the state of Delaware with its corporate headquarters located in San Jose, California. Def.'s Mot. at 3. Western Digital also has two offices in this

District but asserts that these two offices have "nothing to do with the design, development, or operation of the Accused products." *Id.* Kuster is an individual who resides in Switzerland and is the sole inventor of the patents-in-suit. Pl.'s Compl., ECF No. 1 at ¶ 1.

Kuster filed this lawsuit on June 24, 2020 alleging infringement of U.S. Patent Nos. 8,693,206 and 8,705,243 (the "Asserted Patents"). Pl.'s Compl. According to Kuster, the asserted patents "relate to USB flash drive technology" and "address the challenges posed by integrating the additional contacts required by USB 3.0 within USB flash drives." *Id.* at ¶ 9, Pl.'s Resp. at 2. Kuster alleges that the Western Digital's USB chip-on-board flash drives that are compatible with USB 3.0 and/or subsequent or related standards infringe the Asserted Patents. Pl.'s Compl. at ¶ 17. Western Digital markets its products under its Western Digital®, G-TechnologyTM, SanDisk®, UpthereTM, and WD® brands. *Id.* at ¶ 2.

On August 17, 2020, Western Digital filed this motion to transfer venue under 28 U.S.C. § 1404(a) requesting that the case be transferred to the Northern District of California ("NDCA") and to dismiss Kuster's allegations of induced, contributory, and willful infringement. Def.'s Mot., ECF No. 13.

## IV. ANALYSIS

The threshold determination in the § 1404 analysis is whether this case could have been brought in THE NDCA. Neither party contests the fact that venue is proper in the NDCA and that this case could have been brought there.

**A. The Private Interest Factors Weigh Against Transfer.**

*i. The Relative Ease of Access to Sources of Proof*

"In considering the relative ease of access to proof, a court looks to where documentary evidence, such as documents and physical evidence, is stored." *Fintiv Inc. v. Apple Inc.*, 2019

WL 4743678, at *2. "[T]he question is *relative* ease of access, not *absolute* ease of access." *In re Radmax*, 720 F.3d 285, 288 (5th Cir. 2013) (emphases in original). "In patent infringement cases, the bulk of the relevant evidence usually comes from the accused infringer. Consequently, the place where the defendant's documents are kept weighs in favor of transfer to that location." *In re Apple Inc.*, 979 F.3d 1332, 1340 (Fed. Cir. 2020) (citing *In re Genentech*, 566 F.3d at 1345). Here, the Court finds that the location of physical documents is neutral, and that the location of electronic documents weighs slightly in favor of transfer.

*1. Witnesses Are Not Sources of Proof*

First, both Parties utilized a significant portion of their briefings to discuss various witnesses as sources of proof. *See* Def.'s Mot. at 4–7; Pl.'s Resp. at 11–16; Def.'s Reply at 2–6. This Court, in following Federal Circuit precedent, has made clear that witnesses are not sources of proof to be analyzed under this factor. Under this factor, the Court considers only documents and physical evidence. *Netlist, Inc. v. SK hynix Inc. et al*, No. 6:20-cv-00194-ADA (W.D.T.X. February 2, 2021) ("The first private factor, ease of access to sources of proof, considers 'documents and physical evidence' *as opposed to witnesses*.") (emphasis added); *In Re Apple Inc.*, No. 2020-135, 2020 WL 6554063, at *4 (Fed. Cir. Nov. 9, 2020) ("[t]his factor relates to the ease of access to non-witness evidence, such as documents and other physical evidence"); *Volkswagen II*, 545 F.3d at 315 ("All of the documents and physical evidence relating to the accident are located in the Dallas Division"). Accordingly, both Parties' identified witnesses are more appropriately assessed under the second or third private factors and not under this factor.

*2. Location of Physical Documents*

Second, Western Digital only addresses relevant documents and physical proof in a total of five sentences across its briefs, admitting that most of the documents related to the Accused

Products are stored electronically and that the documents "*likely* originated in N.D. Cal and, *to the extent that any physical copies exist*, such documents would be located in or *proximate to* N.D. Cal." *Id.* at 7 (emphases added).

Western Digital does not point with particularity to any relevant physical documents nor does it confirm the existence of any physical documents located in the NDCA. As such, Court is not persuaded by Western Digital's vague argument regarding physical documents. However, Kuster also fails to identify any physical documents located in this District and incorrectly asserts that Western Digital has the burden to show where relevant documents are actually stored. Pl.'s Sur-Reply, ECF No. 43 at 1. Kuster confuses Western Digital's burden of demonstrating that the transferee venue is clearly more convenient with the showing needed for a conclusion that a particular factor favors transfer. In determining this factor, a court must conduct "an appropriate comparison of the ease of access to sources of proof in the two forums." *In re Apple Inc.*, 979 F.3d 1332, 1340 (Fed. Cir. 2020). Neither party has persuasively identified any relevant physical documents in either forum.

*3. Location of Electronic Documents*

Third, Western Digital's electronic documents are stored on nine U.S. data centers, four of which are located in the NDCA. Def.'s Reply at 6. Under current Fifth Circuit precedent, the physical location of electronic documents does affect the outcome of this factor. *See Volkeswagen II*, 545 F.3d at 316. In several previous orders, this Court has lamented this factor as out of touch with modern patent litigation. *Fintiv*, 2019 WL 4743678, at *8; *Uniloc 2017 LLC v. Apple Inc.,* 6-19-CV-00532-ADA, 2020 WL 3415880, at *9 (W.D. Tex. June 22, 2020). In those cases, the Court acknowledged that "all (or nearly all) produced documents exist as electronic documents on a party's server. Then, with a click of a mouse or a few keystrokes, the

party produces these documents." *Id.* Because the documents are housed on servers, documents may be located on multiple servers in multiple districts—as is the case here. There is no realistic difference in the relative ease of access to these electronic documents from the transferor district as compared to the transferee district since the documents are easily accessible electronically.

Here, Western Digital's 30(b)(6) witness, Mr. Nara, admitted that any documents located in Western Digital's data centers would be accessible from Western Digital's offices located in this District to any individual with privileges. Pl.'s Resp. at 10; Def.'s Reply at 6. Thus, Western Digital could provide relevant documents in either the NDCA or the WDTX with little effort. As clearly demonstrated in this case, access to documents that are available electronically provides little benefit in determining whether a particular venue is more convenient than another. *See Uniloc USA Inc. v. Samsung Elecs. Am.*, No. 2:16-cv-00642-JRG, ECF No. 216 at 8-9 (E.D. Tex. Apr. 19, 2017) ("Despite the absence of newer cases acknowledging that in today's digital world computer stored documents are readily moveable to almost anywhere at the click of a mouse, the Court finds it odd to ignore this reality in favor of a fictional analysis that has more to do with early Xerox machines than modern server forms.").

Nevertheless, until the Fifth Circuit addresses the reality previously discussed, trial courts must continue to apply this factor consistent with current precedent. Fifth Circuit precedent establishes that Western Digital, as the accused infringer, will likely have the bulk of the documents that are relevant in this case. *See, e.g., In re Genentech, Inc.*, 566 F.3d 1338, 1345 (Fed. Cir. 2009) ("In patent infringement cases, the bulk of the relevant evidence usually comes from the accused infringer. Consequently, the place where the defendant's documents are kept weighs in favor of transfer to that location."). While *Genentech* does not provide an accused infringer with a "built-in factor weighing in its favor," four of Western Digital's data centers are

located in the NDCA with no data centers in this District. *See Uniloc USA, Inc. et al v. Apple Inc*, No. 2:17-cv-258, ECF No. 104, at 12 (E.D. Tex. Dec. 22, 2017). Therefore, the physical location of Western Digital's electronic documents is the NDCA. As such, this factor weighs slightly in favor of transfer.

## ii. The Availability of Compulsory Process to Secure the Attendance of Witnesses

"In this factor, the Court considers the availability of compulsory process to secure the attendance of witnesses, particularly non-party witnesses whose attendance may need to be secured by a court order." *Fintiv*, 2019 WL 4743678, at *5 (citing *Volkswagen II*, 545 F.3d at 316); *Uniloc,* 2020 WL 3415880, at *10. This factor "weigh[s] heavily in favor of transfer when more third-party witnesses reside within the transferee venue than reside in the transferor venue." *In re Apple, Inc.*, 581 F.App'x. 886, 889 (Fed. Cir. 2014). A court may subpoena a witness to attend trial only (a) "within 100 miles of where the person resides, is employed, or regularly transacts business in person,"; or (b) "within the state where the person resides, is employed, or regularly transacts business in person, if the person . . . is commanded to attend a trial and would not incur substantial expense." Fed. R. Civ. P. 45(c)(1)(A), (B)(ii); *Gemalto S.A. v. CPI Card Grp. Inc.*, No. 15-CA-0910, 2015 WL 10818740, at *4 (W.D. Tex. Dec. 16, 2015). As party witnesses almost invariably attend trial willingly, "[w]hen no party has alleged or shown any witness's unwillingness, a court should not attach much weight to the compulsory process factor." *CloudofChange, LLC v. NCR Corp.*, No. 6-19-cv-00513 (W.D. Tex. Mar. 17, 2020) (citation omitted). Moreover, the ability to compel live trial testimony is crucial for evaluating a witnesses' testimony. *Aguilar-Ayala v. Ruiz*, 973 F.2d 411, 419 (5th Cir. 1992).

During a hearing, Western Digital represented to the Court that it would make its party witnesses available for trial without a subpoena. Pl.'s Resp. at 6-7, 15. Therefore, the Court need not consider Western Digital's party witnesses in its analysis of this factor. Western Digital

identified several prior art witnesses, a patent attorney who prosecuted the patent applications that resulted in the Asserted Patents, and nine distributors/retailers as being subject to the NDCA's subpoena power and not to this Court's subpoena power. Def.'s Mot. at 8–9, Def.'s Reply at 7.

Kuster also identified several prior art witnesses, distributor/retailers including ▮▮▮▮ and ▮▮▮▮ and Jeff VerHeul (a former Western Digital employee) as being subject to this Court's subpoena power and not to the NDCA's subpoena power.

*1. Prior Art Witnesses*

This Court has placed minimal weight on the location of prior art witnesses stating, "prior art witnesses are very unlikely to testify" so "the Court gives their location 'minimal' weight." *Fintiv*, 2019 WL 4743678, at *5 (citing *E. Tex. Boot Co., LLC v. Nike, Inc.*, No. 2:16-CV-0290-JRG-RSP, 2017 WL 2859065, at *4 (E.D. Tex. Feb. 15, 2017)). Western Digital asserts that product prior art is uniquely relevant to this case because Western Digital has filed petitions for *inter partes* review on both Assert Patents and stipulated that it would "not pursue invalidity [in this action] on the same grounds [that it pursued in the IPRs]." Def.'s Mot. at 8. However, filing such a stipulation in the IPR proceedings was Western Digital's prerogative and has no bearing on the instant case. The Court's determination that minimal weight be placed on the location of prior art witnesses applies in most cases, regardless of whether an IPR has been filed or instituted and regardless of what transpires during such proceedings.

Nevertheless, considering the location of prior art witnesses, the Court is not persuaded that prior art witnesses would not be equally available in this District and the NDCA to address the USB 3.0 Specification. Both parties cite numerous third-party contributors to the USB 3.0 Specification, including Texas Instruments (Texas), Buffalo Technology (WDTX), Kingston

(CDCA), Patriot (NDCA), and Super Talent (NDCA). This Court "assumes that no more than a few party witnesses—and even fewer third-party witnesses" will testify and "long lists of potential party and third-party witnesses" do not impact its analysis. *STC.UNM v. Apple Inc.*, No. 6:19-cv-428-ADA, 2020 WL 4559706, at *6 (W.D. Tex. Apr. 1, 2020). As such, the Court finds that prior art witnesses are equally subject to the compulsory process in both Districts and do not have an effect on this factor.

*2. Distributors/Retailers/Sales Representative*

Western Digital points to three distributors (  ) and six retailers ( ) as subject to only the subpoena power of the the NDCA court. Def.'s Reply at 5. Kuster points to one distributor ( ), three retailers ( ), and Western Digital's as subject to only the subpoena power of this Court. Pl.'s Resp. at 16. Again, this Court places little value in long lists of potential third-party witnesses and instead focuses on the highly relevant non-parties that are most likely to testify at trial. *STC.UNM*, 2020 WL 4559706, at *6.

Kuster asserts that has highly relevant and unique information because . Pl.'s Sur-Reply at 2. is located 70.9 miles from the Waco Courthouse and is, thus, subject to the subpoena power of this Court. Pl.'s Resp. at 16; Fed. R. Civ. P. 45.(c)(1)(A)–(B). The Court agrees that , is likely to have highly relevant and unique information that cannot be provided by any one of the other eight distributors and that is only subject to the subpoena power of this Court.

Kuster asserts that ▌ has highly relevant and unique information because ▌ ▌. Pl.'s Resp. at 16. Western Digital incorrectly asserts that while ▌ is located in Texas, it is not subject to the subpoena power of the Court because it is not located in the WDTX. Def.'s Reply at 5. The Federal Rules do not necessitate that a person be located within a District to be subject to the Court's subpoena power. In fact, Federal Rule of Civil Procedure 45 states that a subpoena may command a person to attend a trial within the state where the person resides or is employed if the person would not incur substantial expense, or within 100 miles of where the person resides or is employed. Fed. R. Civ. P. 45.(c)(1)(A)–(B).

▌ is located in Carrollton, Texas which would allow this Court to subpoena it as long as it did not incur substantial expense. Pl.'s Resp. Ex. T. Furthermore, ▌ is located 97.7 miles from the Waco Courthouse and, while 97.7 miles is only slightly less than the 100 mile boundary to confer subpoena power, ▌ is still within the boundary of this Court's subpoena power[1]. *Id.*; Pl.'s Resp. at 16; Fed. R. Civ. P. 45.(c)(1)(A)–(B). The Court finds that ▌ ▌, ▌ has highly relevant and unique information that is only subject to the subpoena power of this Court.

Both parties point to several retailers located within the exclusive subpoena power of either the NDCA or this Court.[2] However, neither party demonstrated that any one of those

---

[1] The Court also notes that Federal Rule of Civil Procedure 45 also confers subpoena power within the state or within 100 miles of where the person transacts business. Fed. R. Civ. P. 45. Without applying too attenuated of an analysis, the Court finds it persuasive that ▌ regularly transacts business within Texas or within 100 miles of this Court. Additionally, should Kuster choose to subpoena an individual employee of ▌ an argument could be made that said employee resides within Texas or within 100 miles of this Court.

[2] Western Digital asserts that, of the retailers Kuster cites, only ▌ is subject to the subpoena power of this Court. Def.'s Reply at 5. As stated above, Western Digital incorrectly claims that an entity must be located within the WDTX for this Court to exercise subpoena power. Both ▌ and ▌ are located in Texas and likely subject to this Court's subpoena power.

several retailers possessed highly relevant or unique information. As such, the Court finds these third-party retailers do not contribute to the transfer analysis.

*3. Individual Witnesses*

Western Digital points to two patent attorneys who prosecuted the patent applications that led to the Asserted Patents, one of whom resides in the NDCA and the other in Georgia. Def.'s Mot. at 9. The Court finds that as the prosecuting attorney, the patent attorney may have highly relevant and unique information related to the prosecution of the Asserted Patents. Additionally, as a resident of the NDCA, the patent attorney is only subject to the subpoena power of the NDCA.

Kuster identifies Jeff VerHeul, a former employee of Western Digital (then SanDisk), as a witness who may have highly relevant and unique information and is only subject to this Court's subpoena power. Pl.'s Resp. at 11. Mr. VerHeul was the Senior Vice President of Corporate Engineering at "SanDisk (acquired by Western Digital)" during the time period that the Accused Products were allegedly developed, and his job description states that he was "[r]esponsible for engineering product development for all of SanDisk's Retail (USB. . . etc) . . . products". *Id.* at 11–12. As a former Western Digital employee, Mr. VerHeul is not a party witness. However, Mr. VerHeul resides and is currently employed in Austin, Texas within 100 miles of this Court. *Id.*

Western Digital claims "Mr. VerHeul appears to be employed by Micron Technology in Milpitas, CA and, if so, is equally within the subpoena power of the NDCA. *See* D.I. 35-13; Fed. R. Civ. P. 45(c)." Def.'s Reply at 2. However, a closer examination of Western Digital's cited exhibit D.I. 35-13 shows that while Micron Technology may be headquartered in Milipitas, California, VerHeul's current position seems to be located in the Austin office. Additionally,

Kuster points to VerHeul's property records which show that he currently resides in Austin. Pl.'s Sur-Reply at 2. Therefore, the Court finds that VerHeul is likely only within the subpoena power of this Court. Additionally, the Court finds that as the Senior VP of Corporate Engineering, VerHeul is likely the most relevant former employee for the time period that the Accused Product were developed.

The Court finds that the third parties identified with highly relevant and unique information identified by Kuster (including ▮▮▮▮ ▮▮▮▮ and Mr. VerHeul) who are only within the subpoena power of this Court and not the NDCA far outweigh those identified by Western Digital (including a prosecuting attorney). Therefore, this factor weighs heavily against transfer.

### iii. The Cost of Attendance for Willing Witnesses

"The convenience of witnesses is the single most important factor in the transfer analysis." *Fintiv*, 2019 WL 4743678, at *6. The Court should consider all potential material and relevant witnesses. *See Alacritech Inc. v. CenturyLink, Inc.*, No. 2:16-cv-693, 2017 WL 4155236, at *5 (E.D. Tex. Sept. 19, 2017). The Fifth Circuit's 100-mile rule states that "[w]hen the distance between an existing venue for trial of a matter and a proposed venue § 1404(a) is more than 100 miles, the factor of inconvenience of witnesses increases in direct relationship to the additional distance to be traveled." *In re TS Tech USA Corp.*, 551 F.3d 1315, 1320 (Fed. Cir. 2008) (quoting *Volkswagen I*, 371 F.3d at 204–05). "Courts properly give more weight to the convenience of non-party witnesses than to party witnesses." *Netlist*, No. 6:20-cv-00194-ADA at 13; *see Moskowitz Family LLC v. Globus Med., Inc.*, No. 6:19-cv-00672-ADA, 2020 WL 4577710, at *4 (W.D. Tex. Jul. 2, 2020).

As a preliminary matter, given typical time limits at trial, the Court does not assume that all of the party and third-party witnesses listed in 1404(a) briefing will testify at trial. *Fintiv*, 2019 WL 4743678, at *6. Rather, in addition to the party's experts, the Court assumes that no more than a few party witnesses—and even fewer third-party witnesses, if any—will testify live at trial. *Id.* Therefore, long lists of potential party and third-party witnesses do not affect the Court's analysis for this factor. *Id.*

First, the Court finds that the NDCA is slightly more convenient for the totality of party witnesses. Defendant Western Digital asserts that the majority of its potential party witnesses are located in the NDCA and that maintaining this action in this District would impose on the burden of travelling over 1,600 miles to attend proceedings on those individuals. Def.'s Mot. at 9–10. However, this Court notes that no more than a few party witnesses are likely to testify—the numerosity of Western Digital's potential party witnesses located in the NDCA does not contribute to the analysis of this factor. *STC.UNM,* 2020 WL 4559706, at *6. Nevertheless, the NDCA is clearly more convenient for Defendant Western Digital.

Plaintiff Kuster is a resident of Switzerland and the sole inventor listed on the face of the Asserted Patents. *Id.* at 10. Western Digital argues that according to the Federal Circuit's holding in *Genentech*, overseas witnesses are "required to travel a significant distance no matter where they testify," so additional travel within the United States is not significant to a transfer analysis. *Id.* 566 F.3d at 1344. However, this is not what the Fifth Circuit has laid out in its 100-mile rule. The Fifth Circuit's 100-mile rule clearly states that inconvenience increases in *direct relationship* to the *additional distance traveled*. *In re Radmax, Ltd.,* 720 F.3d 285, 288 (5th Cir. 2013); *Volkswagen I*, 371 F.3d at 204–05. The distance traveled is shorter to this Court than to the NDCA. Therefore, the WDTX is slightly more convenient for Plaintiff Kuster.

Second, the Court finds that the cost of attendance of prior art witnesses does not weigh for or against transfer because prior art witnesses are very unlikely to testify at trial. *Fintiv*, 2019 WL 4743678, at *6.

Third, as stated above, the Court finds that the majority of non-party witnesses with highly relevant and unique information (including ▉▉▉ ▉▉▉ and Mr. VerHeul) are located in this District and, as such, weighs highly against transfer. The Court acknowledges that the NDCA is slightly more convenient for the totality of party witnesses; however, this Court must properly give more weight to the convenience of non-party witnesses. As such, this factor weighs heavily against transfer.

### *iv. All Other Practical Problems That Make Trial of a Case Easy, Expeditious and Inexpensive*

The Court finds that this factor is at most neutral. Western Digital's main concern regarding this factor is COVID-19. Def.'s Mot. at 10–11. Notably, Western Digital expresses unease regarding safety and travel precautions. *Id.* While the Court sympathizes with Western Digital's concerns, these same concerns apply across the board to the Mr. Kuster who would be traveling from Switzerland and the third parties located in the WDTX. Additionally, the Court notes that this case is scheduled for trial in November 2021. It would be unrealistic for the Court to attempt to predict what the status of travel and the public health risk may be at that time. Additionally, if conditions improve or at least remain the same, this Court is one of the few in the country to have successfully held a patent trial with witnesses and attorneys traveling from other states, including California. MV3 Partners LLC v. Roku, Inc., No. 6:18-CV-00308-ADA (W.D. Tex. Filed Oct. 16, 2018). Therefore, this factor is neutral.

**A. The Public Interest Factors Weigh Against Transfer.**

*i. Administrative Difficulties Flowing From Court Congestion*

The relevant inquiry under this factor is actually "[t]he speed with which a case can come to trial and be resolved[.]" *In re Genentech, Inc.*, 566 F.3d 1338, 1347 (Fed. Cir. 2009). A faster average time to trial means a more efficient and economical resolutions of the claims at issue. Western Digital offers no evidence showing that the present case will be tried faster in CDCA than in this district.

On August 20, 2020, the Court advised the Parties that their estimated trial date would be November 8, 2021. *See* Pl.'s Resp., Ex. AA. Trial is currently set in this case for November 8, 2021, less than nine months from now. Thus, the time from filing to trial will be less than 17 months. In contrast, the most recent statistics from the United States Courts for the Northern District of California show a median time to trial for civil cases of 29.3 months. Pl.'s Resp. at 19. The same published statistics show a median time to trial for the Western District of Texas of 22.4 months. *Id.* Notably, these statistics do not account for the lost time that would additionally accrue by transferring this case and establishing a new schedule with a new presiding judge. Thus, this factor weighs against transfer.

*ii. Local Interest in Having Localized Interests Decided at Home*

Under this factor, the Court must evaluate whether there is a local interest in deciding local issues at home. *Volkswagen*, 545 F.3d at 317. "A local interest is demonstrated by a relevant factual connection between the events and the venue." *Word to Info, Inc. v. Facebook, Inc.*, No. 3:14-cv-04387-K, 2015 WL 13870507, at *4 (N.D. Tex. Jul. 23, 2015).

Western Digital states that it has a significant presence in the NDCA, including facilities and employees. Def.'s Mot. at 12. However, Kuster points to the fact that Western Digital is

registered to do business in Texas, has two offices in this District within 100 miles of the Courthouse, and has 75 employees in Texas. Pl.'s Resp. at 19–20. Kuster also notes that this District has a localized interest because Western Digital sells its products in this District and induces infringement by marketing and selling its allegedly infringing products through distributors and retailers to the citizens of this District. *Id.* However, the Court notes that the same allegedly infringing products are sold and marketed around the country, so the Court is not highly persuaded by this interest. *Camatic Proprietary Ltd. v. Irwin Seating Co.*, No. 3:16-CV-0795-M, 2017 WL 2362029, at *6 (N.D. Tex. May 31, 2017).

Seeing as both Districts are home to Western Digital facilities, employees, and are significant markets for the allegedly infringing products, the Court finds this factor neutral.

### *iii. Familiarity of the Forum With the Law That will Govern the Case*

Both parties agree that this factor is neutral. Def.'s Mot. at 13; Pl.'s Resp. at 20. The Court also agrees.

### *iv. Avoidance of Unnecessary Problems of Conflict of Laws or in the Application of Foreign Law*

Both parties agree that this factor is neutral. *Id*. The Court also agrees.

### C. Western Digital's Motion to Dismiss Plaintiff's Claims for Induced, Contributory, and Willful Infringement

In addition to moving to transfer this case to the NDCA, Defendant Western Digital moves this Court to dismiss Plaintiff's claims of induced, contributory, and willful infringement for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). *See generally* Def.'s Mot. Plaintiff Kuster failed to address Western Digital's Motion to Dismiss in his Response and Sur-Reply. *See generally* Pl.'s Resp.; Pl.'s Sur-Reply.

The Court finds that, absent exceptional circumstances, such claims should be dismissed without prejudice at this stage of the case. However, this dismissal will not preempt Plaintiff from taking discovery related to its potential claims of induced, contributory, and willful infringement when discovery opens. Additionally, the Court will allow Plaintiff Kuster to amend his pleadings without leave of court to reassert these claims after discovery opens if he is able to substantiate such allegations on a good faith basis under Rule 11. Plaintiff shall have up to and including May 12, 2021 (three months from the opening of discovery) to amend his pleadings and reassert his claims of induced, contributory, and willful infringement in accordance with good faith under Federal Rule of Civil Procedure 11.

## V. CONCLUSION

Having found that the ease of access to relevant sources of proof weighs in favor of transfer, the availability of compulsory process and convenience of the witnesses and parties factors weigh heavily against transfer, the practical problems factor is neutral, the court congestion factor weighs against transfer, and all other factors being neutral, the Court finds that Western Digital has not met its significant burden to demonstrate that the NDCA is "clearly more convenient." *See Volkswagen II*, 545 F.3d at 314 n.10, *QR Spex*, 507 F.Supp.2d at 664. Therefore, because the Court finds that Western Digital has not demonstrated that the NDCA is a clearly more convenient venue than the WDTX, the Court **DENIES** Western Digital's Motion to Transfer.

Additionally, after careful consideration of Defendant Western Digital's Motion to Dismiss, the Court **GRANTS** the Motion **WITHOUT PREJUDICE**. However, the Court notes that Plaintiff Kuster failed to address Western Digital's Motion to Dismiss in his Response and Sur-Reply. *See generally* Pl.'s Resp.; Pl.'s Sur-Reply. The Court **ORDERS** that Plaintiff be

allowed to take discovery related to these claims when discovery opens. The Court also **GRANTS** Plaintiff leave to amend his pleadings to reassert these claims after the start of discovery if he is able to substantiate those allegations. Plaintiff shall have up to and including May 12, 2021 (three months from the opening of discovery) to amend his pleadings on a good faith basis under Rule 11.

SIGNED this 9th day of February, 2021.

_____
**ALAN D ALBRIGHT**
**UNITED STATES DISTRICT JUDGE**